64

## Examinations for State Liquor Board Employment

ARNOLD, Deputy Attorney General, May 3, 1934.—You have asked us to advise you concerning certain provisions of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, which have to do with the conduct of examinations of applicants for employment by the Liquor Control Board.

On December 16, 1933, examinations were held throughout the State for all positions which the board had need to fill. All appointments and replacements since that time have been made from the lists of persons who qualified in those examinations, and there remain large numbers of persons on those lists.

Your inquiry is when, in what areas, and for what positions new examinations must be held.

Section 302 of the Liquor Control Act governs the situation. That section, after giving the Liquor Control Board authority to prescribe the qualifications of its employes, provides that all appointees shall be citizens of the United States "and, in the case of appointments to operate or assist in the operation of liquor stores, shall be qualified electors of the county in which the store is located."

If the applicant fulfills preliminary requirements, it is directed that he "shall be admitted to competitive examination, when examinations shall next be held for positions in the class of employment he seeks."

Then follow these provisions:

"The Department of Public Instruction shall conduct such examinations at such places in the Commonwealth as to make it reasonably convenient and inexpensive for applicants to attend them. When there are positions to be filled, examinations shall be held at least twice in each year. The department may divide the State into districts for the purpose of conducting such examinations. . . .

"All offices, places and employments in Pennsylvania Liquor Stores or establishments operated by the board shall be filled by selections from persons who have satisfactorily passed the examinations. The person receiving the highest grade shall be first appointed, and so on. The list of eligibles in any district shall be valid only until the next examination is held in such district."

The provision that "When there are positions to be filled, examinations shall be held at least twice in each year", is not as clear as it might be. However, its general purpose is apparent. It was designed to provide opportunity for new applicants to qualify at reasonable intervals and to keep the eligible lists up to date. Effect must be given, as far as possible, to every part of the statutory language.

We are satisfied that the act does not require the holding of examinations twice a year at all events. The need for new employes is also a factor to be taken into consideration in fixing the times for examinations. Moreover, the clause above quoted, which provides for the admission of a candidate to examination "when examinations shall next be held for positions in the class of employment he seeks", also indicates an intention to provide for holding examinations for different classes of positions at different times, as need to fill such positions occurs.

On the other hand, it would be impossible to adopt the suggestion that no examination need be given as long as there remains any person on the existing eligible lists, on the ground that under those circumstances there would be no "position to be filled". Such a construction, even if otherwise possible, would create the unthinkable situation which would require that the person who passed an examination with the lowest rating be given a job before a new examination could be held, and before many possibly better men could have an opportunity to qualify.

In our opinion, a reasonable and proper construction of the section in question is as follows:

1. All appointments to positions in any class of employment made within 6 months after an examination for such positions are to be made from the list of eligibles obtained as a result of that examination, unless a new examination shall have been given in the meantime. After the expiration of the 6-month period, no appointment may be made to such a position except from a new list of eligibles obtained as the result of a new examination. The new examination may be held before or after the expiration of 6 months, but it need not be held until there is a position to be filled, even if the occasion does not arise within the year. The date of such examination will be the basis for determining the time for the next examination.

2. An examination may cover any class or classes of employment. The time for the examination for any class of employment is to be determined by reference to the date of the last preceding examination for that class in the area from which the appointment is required to be made.

3. Each county must constitute a separate unit or district for the qualification and listing of applicants for appointments to operate or assist in the operation of liquor stores. Each such district or unit may be entirely independent of any other as to time of examinations and as to the classes of employment to be covered at any particular time. However, this does not mean that you may not hold examinations for a group of counties at one time and fix a convenient place or places of examination as you may deem best; but, if applicants from more than one county are examined at one place, the papers of those from each county must be kept and graded separately, and eligibility lists prepared for each county. There is no requirement that the same or a similar grouping of counties be made for subsequent examinations.

If, as to any other positions, the Liquor Control Board shall have prescribed different residence qualifications, examinations for such positions should be conducted and eligibility lists compiled with respect to the areas so fixed, in the

66

same manner as we have outlined for cases in which the statute prescribes residence in a county.

If a position to be filled may be occupied by a resident of any part of the State, the examination should be State-wide, but, of course, may be held at such places as you may designate, having due regard to the convenience of the applicants.

Applying these principles to the immediate situation, we advise you as follows:

Since examinations in all counties and for all positions were held on December 16, 1933, no appointment may be made under section 302 of the Liquor Control Act after June 16, 1934, except from eligibility lists obtained as the result of new examinations.

The new examinations as to any county or as to any class of employment need not be held until a position in that county and class is to be filled. In cases where there is a residence qualification other than residence in the county, the examination should cover the entire area from which appointments to the position in question may be made. Where there is no residence qualification, the examination should be State-wide.          From C. P. Addams, Harrisburg, Pa.